## JOSEPH DELAVERGUE vs. HIRAM C. FARRAND *et al.*

Section 21 of the bankrupt law entitles a person who has been declared a bankrupt to be relieved from defending suits for debts provable in bankruptcy pending the question of his discharge.

2. Application for stay of proceeding against him for the recovery of such a debt should be granted by the Court in which such suit is being prosecuted.

*Saginaw Circuit Court, November* 29, 1869.

Motion for stay of proceedings pending the question of one of several defendants discharge as a bankrupt.

*J. J. Wheeler* for Plaintiff.

*Peck & Clark* for Defendants.

*By the Court*, SUTHERLAND, J.—Section 21 of the Bankrupt Act provides that "no creditor whose debt is provable under this Act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt until the question of the debtor's discharge shall have been determined."

The object of this provision, as expounded by Benedict, J., in the District Court for the Eastern District of New York, is to give the bankrupt the "option to endeavor to obtain a discharge in bankruptcy, and, failing in that, to defend all undetermined actions." It is said the Act declares that no such suit shall be allowed to proceed until he has had a reasonable time to obtain his discharge, if he can, and requires the Bankruptcy Court to stay such a proceeding in whatever Court it may be pending. 6 *Int. Rev. Rec.*, 223.

The claim sued for is obviously one provable under the Act, and, therefore, it would be a matter of course for the Federal Court to enjoin the plaintiff, if applied to. Under such circumstances it would seem to be a proper and simple practice to apply for such stay directly to this Court. This is obviously so if, as remarked by Judge Blatchford in the case of *Rosenberg*, 2 *Bank. Reg.*, 81, the provisions of section 21 "are addressed quite as much to the Courts of the State as to the bankruptcy tribunals, and are to be applied and enforced by the former quite as much as by the latter." If not legally binding on the State

Court it is morally so, and to prevent circuity ought to be followed when a proper application is made.

My attention has been directed to a great number of cases in which injunctions have been granted by Courts in bankruptcy to stay proceedings in State Courts. The practice would appear to be general. Only two cases have come under my observation holding that the Federal Courts do not possess that power. *In re. Campbell*, 16 *Am. L. Reg.*, 100, and *in re. Burns Id*, 105. In a note to the case of *Schnepf, Id.*, p. 208, these rulings are criticised and doubted.

Whether the Federal Courts have the power to restrain the creditor or not, the right of the bankrupt is clear to have suits stayed pending the question of his discharge, if he proceed with diligence.

Stay granted as to the defendant who has been declared a bankrupt.